UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:06-CR-89-5 |
| | § | |
| ERIC VASQUEZ | § | (CIVIL NO. H-10-1392) |

## OPINION AND ORDER

Pending before the Court is Movant Eric Vasquez's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 497) and the Government's Motion to Dismiss (Doc. 521) filed in response. The Magistrate Judge recommended that the Government's Motion to Dismiss be granted and that Vasquez's § 2255 Motion be denied, Doc. 532, and Vasquez subsequently filed objections to that recommendation, Doc. 537. On September 20, 2012, the Court adopted the Magistrate Judge's Memorandum and Recommendation as its own, except those portions dealing with Vasquez's allegations of ineffective assistance of counsel for counsel's failure to adequately inform Vasquez of the benefits of a guilty plea and failure to interview co-defendant Bonifacio Hernandez regarding potentially exculpatory testimony. Doc. 580. Because the affidavit testimony on these matters created disputes of material fact, and "contested fact issues in § 2255 cases must be decided on the basis of an evidentiary hearing, not affidavits," *Montgomery v. United States*, 469 F.2d 148, 150 (5th Cir. 1972), the Court ordered an evidentiary hearing to determine the credibility of the competing testimony. Doc. 580.

On November 6, 2012, the Court held this evidentiary hearing, which included the testimony of Eric Vasquez and Bonifacio Hernandez as witnesses for the Defendant, and Vasquez's former counsel, John Riley Friesell, and Hernandez's former counsel, David Adler,[1]

---

[1] Both outstanding claims of ineffective assistance of counsel are based on the alleged deficiencies of Mr. Friesell,

as witnesses for the Government. Doc. 590. In addition to the testimony of Mr. Friesell and Mr. Adler, the Government offered into evidence two exhibits: a letter from Mr. Friesell to Vasquez, dated November 9, 2006; and a fax from Mr. Friesell to Mr. Adler, dated November 8, 2006. Doc. 591. The scope of the evidentiary hearing was limited to making a credibility determination regarding the two unresolved conflicts outlined above.

1. Counsel's decision not to personally interview Hernandez does not constitute deficient performance

A defendant making a claim of ineffective assistance of counsel must show that (1) his attorney's performance was deficient and (2) such deficiency deprived the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because the range of acts and omissions that fall within the definition of competent professional performance is so broad, there is a strong presumption that the challenged conduct lies within this range. *Id.* at 689. Here, the conduct in question is Mr. Friesell's decision not to personally interview Hernandez about his supposed offer to testify that Vasquez was not involved in the offense.

At the hearing, Mr. Friesell stated that he approached Mr. Adler and asked if Mr. Adler's client, Hernandez, had exculpatory evidence and was willing to testify on Vasquez's behalf. Mr. Adler corroborated this testimony, stating that, after his conversation with Mr. Friesell, he approached Hernandez and told Hernandez that if he had exculpatory evidence, he could testify to that, but also cautioned him that if he was found to be lying, then his sentence could be increased. According to Mr. Adler, Hernandez said in response that he did not want to testify, and Mr. Adler relayed that message to Mr. Friesell. According to Mr. Friesell, this message led to the decision not to subpoena Hernandez for trial.

The Court finds this version of events credible, corroborated by documentary evidence,

who represented Vasquez at trial. At all times relevant to this hearing, Mr. Adler represented Hernandez.

and virtually unchallenged by conflicting testimony. Although Hernandez maintains that he did, in fact, tell Mr. Adler that he had exculpatory evidence, he was quite unable at the hearing to articulate anything further with credible coherence. Hernandez and Vasquez were simply not believable. Given, therefore, the Court's finding that Mr. Friesell was operating under the reasonable belief that Hernandez had no exculpatory evidence to offer—a belief memorialized in his fax to Mr. Adler—his resulting actions were entirely sound. Under such circumstances, it would be impossible to determine that Mr. Friesell's conduct did not meet the *Strickland* standard.

    2.  Counsel informed Vasquez of the benefits of a guilty plea under the Federal Sentencing Guidelines

    "One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty," and failure to do so can constitute deficient performance. *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005). This advice includes informing the defendant of all relevant circumstances, such as his exposure under the Sentencing Guidelines, so that he can fully appreciate the risks of going to trial and can make an informed decision. *Id.* Vasquez argues that Mr. Friesell's performance was deficient because he failed to advise Vasquez of the relevant circumstances, particularly how the Guidelines would be used to calculate his sentence.

    At the evidentiary hearing, Mr. Friesell told of his conversations with Vasquez, including explaining the Guidelines and delineating the potential differences between going to trial and pleading guilty. Mr. Friesell's testimony was clear and credible and was lent further support by the three-page letter that he sent to Vasquez by certified mail, which—both in English and in Spanish—restated the contents of this conversation. Vasquez, on the other hand, was uncertain

and ambiguous and, in the end, could not refute his receipt of Mr. Friesell's letter, which states in black and white precisely the information that he claims not to have known. It is clear to the Court that Mr. Friesell did his duty and that Vasquez refused to plead guilty, not because he lacked information, but because he maintained his innocence.

Having considered the motions, the facts in the record, including the supplemental evidence presented at the evidentiary hearing, and the applicable law, the Court finds that Mr. Friesell's conduct meets the standard set in *Strickland v. Washington*. Accordingly, the Court hereby

**ORDERS** that the Government's Motion to Dismiss is **GRANTED** and Vasquez's § 2255 Motion is **DENIED**.

SIGNED at Houston, Texas, this 15th day of February, 2013.

Melinda Harmon

MELINDA HARMON
UNITED STATES DISTRICT JUDGE